LAMBERT, APPELLEE, *v*. CLANCY,[1] HAMILTON COUNTY
CLERK OF COURTS, APPELLANT.

**[Cite as *Lambert v. Clancy,* 125 Ohio St.3d 231, 2010-Ohio-1483.]**

*When the allegations contained in a complaint are directed against an office of a political subdivision, the officeholder named as a defendant is sued in his or her official capacity, rather than in his or her individual capacity — The political-subdivision-immunity analysis set forth in R.C. 2744.02 applies to lawsuits in which the named defendant holds an elected office within a political subdivision and that officeholder is sued in his or her official capacity.*

(No. 2008-2183 — Submitted September 15, 2009 — Decided April 8, 2010.)

APPEAL from the Court of Appeals for Hamilton County,

No. C-070600, 178 Ohio App.3d 403, 2008-Ohio-4905.

_____

**SYLLABUS OF THE COURT**

1.  When the allegations contained in a complaint are directed against an office of a political subdivision, the officeholder named as a defendant is sued in his or her official capacity, rather than in his or her individual or personal capacity.

2. The political-subdivision-immunity analysis set forth in R.C. 2744.02 applies to lawsuits in which the named defendant holds an elected office within a political subdivision and that officeholder is sued in his or her official capacity.

_____

1. Patricia Clancy currently serves as Hamilton County Clerk of Courts.  Greg Hartmann held that office at the time this litigation commenced, and the caption of this case was *Lambert v. Hartmann* in the trial court and court of appeals.

_____

**CUPP, J.**

{¶ 1} In this appeal, we are asked to determine the appropriate R.C. Chapter 2744 political-subdivision-immunity analysis to apply to a lawsuit in which the named defendant holds an elected office within a political subdivision. We conclude that because the allegations contained in the complaint are directed against the office of the political subdivision, the officeholder was sued in his official capacity rather than in his individual or personal capacity. We also conclude that the three-tiered political-subdivision-immunity analysis set forth in R.C. 2744.02, and not the employee-immunity provision of R.C. 2744.03(A)(6), is to be applied in such a circumstance. Because the appellate court concluded otherwise, we reverse its judgment and remand the cause for further proceedings consistent with this opinion.

{¶ 2} A traffic-violation citation was issued in September 2003 to plaintiff-appellee, Cynthia Lambert. The ticket recorded Lambert's name, signature, home address, birth date, driver's license number, and social security number. After the officer filed the ticket with the Hamilton County Clerk of Courts' office, the ticket information was published on the county's website. Lambert alleges that because of a transcription error on the ticket, an incorrect driver's license number was posted on the website.

{¶ 3} Lambert was notified in 2004 that suspicious credit activity was taking place in her name. Someone made approximately $20,000 in unauthorized charges using Lambert's personal information. The person was subsequently identified, arrested, and pleaded guilty to federal felony charges related to the theft of Lambert's identity. Lambert claims that it is evident that this person used the clerk of courts' website to get her information because the personal information used to make the unauthorized charges included Lambert's incorrect driver's license number as posted on the county's website.

**{¶ 4}** From 1999 to 2004, as a matter of policy and practice, the Hamilton County Clerk of Courts' office published on its website every document filed with the office in its original and unredacted form, except for juvenile records and documents that were filed under seal. This practice continued despite warnings to the clerk of courts that publishing personal and private information on the website provided "fertile ground for identity theft." Lambert asserts that when she requested that such personal information be removed from the clerk of courts' website, she was told that such action would require a vast amount of manpower and that the theft of her identity was not necessarily a result of information posted on the clerk of courts' website. In December 2004, pursuant to the adoption of a new local rule, the clerk of courts' website ceased offering unrestricted access to documents filed with the clerk of courts.

**{¶ 5}** Also in December 2004, Lambert filed a complaint alleging various federal and state claims in a federal district court lawsuit against "Greg Hartmann, in his official capacity as Clerk of Courts," and the "Hamilton County Board of County Commissioners." The district court dismissed the complaint, concluding that Lambert's federal claims were not entitled to relief under Section 1983, Title 42, U.S.Code. The district court also declined supplemental jurisdiction on the state claims.

**{¶ 6}** After the federal court's disposition, Lambert filed a complaint in the Hamilton County Common Pleas Court alleging violation of Ohio's privacy act, invasion of privacy, unlawful publication of private facts, and public nuisance. Lambert filed her complaint against "Greg Hartmann, Hamilton County, Ohio Clerk of Courts." The trial court dismissed Lambert's complaint pursuant to Civ.R. 12(B)(6) and (C), without opinion.

**{¶ 7}** Lambert appealed, and the appellate court reversed. As pertinent to this appeal, the court held that Lambert's claims were not barred by the Political Subdivision Tort Liability Act, R.C. Chapter 2744, under the provisions

applicable to employees of political subdivisions. *Lambert v. Hartmann,* 178 Ohio App.3d 403, 2008-Ohio-4905, 898 N.E.2d 67, ¶ 2. The appellate court stated that "if the trial court dismissed Lambert's claims because it believed that the clerk had immunity [under R.C. 2744.02], the trial court erred." Id., ¶ 13. Thereafter, we accepted review under our discretionary jurisdiction. *Lambert v. Clancy,* 120 Ohio St.3d 1524, 2009-Ohio-614, 901 N.E.2d 244.

{¶ 8} R.C. Chapter 2744 was enacted in 1985 and addresses when political subdivisions, their departments and agencies, and their employees are immune from liability for their actions. Determining whether a political subdivision is immune from liability under R.C. 2744.02, as this court has frequently stated, involves a three-tiered analysis. *Elston v. Howland Local Schools*, 113 Ohio St.3d 314, 2007-Ohio-2070, 865 N.E.2d 845, ¶ 10; *Greene Cty. Agricultural Soc. v. Liming* (2000), 89 Ohio St.3d 551, 556, 733 N.E.2d 1141. A general grant of immunity is provided within the first tier, which states that "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." R.C. 2744.02(A)(1).

{¶ 9} The second tier in the immunity analysis focuses on the five exceptions to this immunity, which are listed in R.C. 2744.02(B). *Elston*, 113 Ohio St.3d 314, 2007-Ohio-2070, 865 N.E.2d 845, ¶ 11. If any of the exceptions to immunity are applicable, thereby exposing the political subdivision to liability, the third tier of the analysis assesses whether any of the defenses to liability contained in R.C. 2744.03 apply to reinstate immunity. Id. at ¶ 12.

{¶ 10} Immunity is also extended to individual employees of political subdivisions. R.C. 2744.03(A)(6); *O'Toole v. Denihan*, 118 Ohio St.3d 374, 2008-Ohio-2574, 889 N.E.2d 505, ¶ 47; *Cramer v. Auglaize Acres*, 113 Ohio St.3d 266, 2007-Ohio-1946, 865 N.E.2d 9, ¶ 17; *Fabrey v. McDonald Village*

*Police Dept.* (1994), 70 Ohio St.3d 351, 356, 639 N.E.2d 31. For claims against individual employees, the three-tiered analysis used to determine whether a political subdivision is immune is not used. *Cramer*, 2007-Ohio-1946, ¶ 17. Instead, R.C. 2744.03(A)(6) provides that an employee is personally immune from liability unless "(a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities; (b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; [or] (c) Civil liability is expressly imposed upon the employee by a section of the Revised Code." For these purposes, allegations of negligence are insufficient to overcome the immunity granted to an employee of a political subdivision who acts within his or her official duties. *Fabrey*, 70 Ohio St.3d at 356.

{¶ 11} Moreover, if the employee acted in good faith and not manifestly outside the scope of his or her employment or official responsibilities, the political subdivision has a duty to provide a defense for the employee if a civil action or proceeding against the employee for damages is commenced. R.C. 2744.07(A)(1); *Whaley v. Franklin Cty. Bd. of Commrs.* (2001), 92 Ohio St.3d 574, 576, 752 N.E.2d 267. The political subdivision has a further duty to indemnify and hold harmless an employee if a judgment is obtained against the employee for acts or omissions in connection with a governmental or proprietary function, provided the employee acted in good faith and within the scope of his or her employment or official responsibilities. R.C. 2744.07(A)(2); *Whaley*, 92 Ohio St.3d at 578, 752 N.E.2d 267.

{¶ 12} As a starting point in this case, we are confronted with a question regarding the effect of the language used in the complaint Lambert filed in the common pleas court. Lambert asserts in briefs and at oral argument that she sued Hartmann in his capacity as an individual employee of Hamilton County. Hartmann, however, contends that Lambert's suit is in actuality directed against

the office of the Hamilton County Clerk of Courts, an office of the political subdivision of Hamilton County. The determination whether Hartmann was sued individually or in his capacity as the elected officeholder of the political subdivision, i.e., in his official capacity, ultimately determines the appropriate R.C. Chapter 2744 immunity analysis to be applied in this case.

**{¶ 13}** It is not apparent to us whether the trial and appellate courts considered the status of the defendant as an officeholder of the political subdivision in the context of their immunity analyses. The trial court simply dismissed the complaint without opinion, apparently presuming that the complaint was against the clerk of courts' office and applying the political-subdivision-immunity analysis of R.C. 2744.02.

**{¶ 14}** The appellate court, without any discussion, appears to have assumed that the complaint was brought against Hartmann individually, as an employee of the clerk of courts' office. That court summarily applied an R.C. 2744.03(A)(6) analysis to conclude that Lambert pleaded sufficient allegations that Hartmann acted recklessly, willfully, and purposefully in publishing Lambert's personal and private information on the county website to overcome a motion to dismiss on the basis of immunity.[2] According to the court, it applied the R.C. 2744.03(A)(6) analysis because "the immunity granted under [R.C. 2744.02] does not apply to elected officials or individual employees of a political subdivision." *Lambert*, 178 Ohio App.3d 403, 2008-Ohio-4905, 898 N.E.2d 67, ¶ 11.

**{¶ 15}** Notwithstanding the appellate court's conclusion, our review of the complaint leads us to conclude that Lambert asserted her claims against Hartmann

---

2. Noting that this matter was before it on a motion to dismiss, the appellate court did imply that the evidence outside the pleadings, which Hartmann asserted would persuasively rebut the allegations made by Lambert in her complaint, could be considered under a different procedural stance, i.e. summary judgment. *Lambert*, 178 Ohio App.3d 403, 2008-Ohio-4905, 898 N.E.2d 67, ¶ 14.

in his official capacity as an officeholder of the political subdivision. The complaint filed in the federal court identifies the defendants as Greg Hartmann, in his official capacity as clerk of courts and the Hamilton County Board of County Commissioners. The complaint filed in the state court, however, names "Greg Hartmann, Hamilton County, Ohio, Clerk of Courts" as the only defendant. The complaint does not add the words "personally," "individually," "an employee of the Hamilton County Clerk of Courts," or anything similar to denote that he is being sued in his individual capacity as a county employee as opposed to being sued in his official capacity as the clerk of courts.

{¶ 16} Additionally, the allegations in the state-filed complaint pertain to the policies and practices of the clerk of courts' office and not to actions taken by Hartmann personally. For example, the complaint alleges that despite the known risks, "the Clerk of Court's Office recklessly, willfully and purposefully continued its practice of publishing personal information on the internet." In fact, some of the allegations pertain to policies and practices employed by the clerk of courts' office prior to the time Hartmann became the clerk of courts. Moreover, the allegations in the complaint filed in the state court mirror those in the complaint filed in the federal court, and the federal complaint was clearly against Hartmann in his official capacity. Thus, although Lambert's prayer for relief in the state complaint asks for relief solely from Hartmann and not any public body or office, we conclude that Lambert's complaint asserts claims against the office of the clerk of the Hamilton County clerk of courts, an elected position within a political subdivision held by Greg Hartmann at the time the complaint was filed. Thus, the complaint is one that asserts its claims against Greg Hartmann in his official capacity as the Hamilton County Clerk of Courts.[3]

---

3. In November 2008, Patricia Clancy was elected the Hamilton County Clerk of Courts. After Clancy took office, the Hamilton County prosecuting attorney filed a notice of substitution of Clancy for Hartmann pursuant to Civ.R. 25(D)(1) ("When a public officer is a party to an action in

{¶ 17} Next we must determine whether the political-subdivision-immunity analysis or the employee-immunity provisions apply to lawsuits in which the named defendant holds an elected office within a political subdivision, such as the clerk of courts, and that officeholder is sued in his official capacity. We conclude that the three-tiered political-subdivision-immunity analysis set forth in R.C. 2744.02 applies and not the employee-immunity provisions of R.C. 2744.03(A)(6).

{¶ 18} This conclusion derives from several principles. One principle is that a county is a political subdivision and the operation of a clerk of courts' office is a governmental function. See R.C. 2744.01(F) (the term "political subdivision" includes counties); R.C. 2744.01(C)(2) (a nonexclusive list of governmental functions).

{¶ 19} A second principle is that many of the governmental functions listed in R.C. 2744.01(C) are performed by political subdivisions through departments, agencies, and offices. When the departments, agencies, and offices perform their assigned governmental functions, each is an integral part and instrumentality of the political subdivision. *Wilson v. Stark Cty. Dept. of Human Servs.* (1994), 70 Ohio St.3d 450, 452-453, 639 N.E.2d 105. An office of a clerk of courts is such an office and an instrumentality of a county political subdivision.

{¶ 20} By logical necessity, the immunity granted by statute to a political subdivision is also extended to the political subdivision's departments, agencies, and offices, which implement the duties of the political subdivision. Id. at paragraph two of the syllabus. See also *Rankin v. Cuyahoga Cty. Dept. of*

---

his official capacity and during its pendency * * * ceases to hold office, the action does not abate and his successor is automatically substituted as a party"). Lambert did not object to that filing, but in her merit brief to this court, she asserts that substitution is clearly inappropriate. Lambert contends that Civ.R. 25(A) applies so that Hartmann, as an elected official, cannot "escape all personal liability for his willful, wanton and/or reckless actions simply by leaving office." However, in accordance with our resolution of this case, Civ.R. 25(D), not Civ.R. 25(A), controls here.

*Children & Family Servs.,* 118 Ohio St.3d 392, 2008-Ohio-2567, 889 N.E.2d 521, ¶ 16. Thus, because a clerk of courts' office is an instrumentality of the county, through which the county's governmental functions are carried out, the clerk of courts' office, like the county itself, is cloaked with the immunity granted to the political subdivision under R.C. 2744.02.

{¶ 21} As a natural extension of these principles, when allegations are made against the elected holder of an office of a political subdivision who is sued in an official capacity, the officeholder is also entitled to the grant of immunity contained in R.C. 2744.02. We recognize that officeholders are employees of political subdivisions and that immunity for the actions of employees or officers sued in their individual capacities is addressed in another section of the Revised Code. See R.C. 2744.01(B) (the term "employee" "includes any elected or appointed official of a political subdivision"); R.C. 2744.03(A)(6) (detailing conditions when employees are personally immune from liability for actions taken). Here, however, the allegations contained in the complaint are ostensively directed against the office and against the named officeholder in the officeholder's official capacity. This is the equivalent of suing the political subdivision rather than the officeholder in an individual or personal capacity.

{¶ 22} For the reasons set forth herein, we hold that when the allegations contained in a complaint are directed against an office of a political subdivision, the officeholder named as a defendant is sued in his or her official capacity, rather than in his or her individual or personal capacity. Moreover, the political-subdivision-immunity analysis set forth in R.C. 2744.02 applies to lawsuits in which the named defendant holds an elected office within a political subdivision and that officeholder is sued in his or her official capacity.

{¶ 23} We reverse the judgment of the appellate court and remand this matter to the trial court for further proceedings to consider the applicable immunity exceptions and defenses under R.C. 2744.02 and 2744.03.

Judgment reversed

and cause remanded.

MOYER, C.J.,[4] and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and LANZINGER, JJ., concur.

PFEIFER, J., dissents and would dismiss the appeal as having been improvidently accepted.

_____

Law Office of Marc Mezibov, Marc D. Mezibov, and Stacy A. Hinners, for appellee.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Pamela J. Sears and Michael G. Florez, Assistant Prosecuting Attorneys, for appellant.

_____

---

4. The late Chief Justice Thomas J. Moyer participated in the deliberations in, and the final resolution of, this case prior to his death.