[Cite as *Greene v. Seal Twp. Bd. of Trustees*, 194 Ohio App.3d 45, 2011-Ohio-1392.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PIKE COUNTY

| | | |
|---|---|---|
| Greene, | : | Case No. 10CA812 |
|     Appellee, | : | |
|     v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| Seal Township Board of Trustees, | : | |
|     Appellant. | : | **RELEASED 03/18/11** |

_____

<u>APPEARANCES</u>:

Kenneth E. Harris, for appellant.[1]
_____

HARSHA, Presiding Judge.

{¶1}   Brenda K. Greene purchased a cemetery plot in Mound Cemetery from the Seal Township Board of Trustees and buried her husband in it.  The township, however, had previously sold this same plot to a different individual.  The township admitted its error and later came to a written compromise with Greene and others who found themselves in similar situations.  Nevertheless, Greene sued the township, asserting a cause of action for improper burial, which she alleged caused her to purchase an incorrectly sized headstone and caused her emotional distress.  The township construed Greene's complaint as asserting a cause of action in negligence, filed for summary judgment, and argued that R.C. Chapter 2744 provided it with immunity.  The trial court denied the township's motion for summary judgment and the township filed this interlocutory appeal.

{¶2}   We hold that the township is immune from liability because Greene's tort claim falls within the general grant of immunity for political subdivisions provided in R.C.

_____

[1] Appellee did not file a brief.

Chapter 2744 and no exceptions to that immunity apply. We therefore reverse the judgment of the trial court.

I. Summary of Facts

{¶3} Seal Township erroneously sold a plot in Mound Cemetery to Greene, who buried her husband in it. The township had, in fact, previously sold and deeded this same plot to a different individual. The township's error in selling the plot to Greene affected a number of individuals with plots at Mound Cemetery. The township and the affected parties later agreed to resolve the matter in a written agreement in the form of a township resolution. As part of their compromise, Greene and others agreed to accept free plots as compensation. Greene received a free plot next to her husband.

{¶4} In May 2009, Greene filed a complaint in the Pike County Court of Common Pleas. The complaint consisted of a single averment: "Defendant improperly buried Plaintiff's husband which caused her to expend $7000.00 for a monument which was not needed, and caused her emotional distress."

{¶5} The township moved for summary judgment on two separate bases. First, the township asserted that the October 2008 resolution resolved all issues between the parties. Thus, compromise or settlement barred Greene's claim concerning the monument. Second, the township argued that, as a political subdivision, it was immune from tort liability under R.C. Chapter 2744.

{¶6} In June 2010, the Pike County Court of Common Pleas denied the township's motion for summary judgment without explanation. The township filed a notice of appeal of the denial of the summary-judgment motion based on the trial court's implicit denial of political-subdivision immunity. See R.C. 2744.02(C) (granting a political

subdivision the right to an interlocutory appeal of the denial of a motion for summary judgment based on governmental immunity under R.C. Chapter 2744).

## II. Assignment of Error

{¶7}   The township assigns one error for our review:

> The trial court erred in failing to find that Seal Township was immune from liability for the manner in which it operated its cemetery.

## III. Political-Subdivision Immunity

{¶8}   In its sole assignment of error, the township argues that it is entitled to summary judgment on Greene's improper-burial claim based on the grant of governmental immunity set forth in R.C. 2744.02(A)(1).

### A.  Standard of Review

{¶9}   In reviewing a summary judgment, the lower court and the appellate court utilize the same standard, i.e., we review the judgment independently and without deference to the trial court's determination. *Doe v. Shaffer* (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243. Summary judgment is appropriate only when (1) there is no genuine issue of material fact, (2) reasonable minds can come to but one conclusion when viewing the evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party, and (3) the moving party is entitled to judgment as a matter of law. Id. See also *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881; Civ.R. 56(C).

{¶10}   The party moving for summary judgment has the initial burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. See *Dresher v. Burt (1996)*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264. The moving party must inform the trial court of the basis of the motion and must identify

those portions of the record that demonstrate the absence of a material fact. Id. at 293. To meet its burden, the moving party must specifically refer to the "pleadings, depositions, answers to interrogatories, * * * written stipulations of fact, if any," that affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims. Id.; Civ.R. 56(C). If the moving party satisfies its initial burden, the nonmoving party then has the reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial. If the nonmovant does not satisfy this evidentiary burden and the movant is entitled to judgment as a matter of law, the court should enter a summary judgment accordingly. *Kulch v. Structural Fibers, Inc.* (1997), 78 Ohio St.3d 134, 145, 677 N.E.2d 308 (criticized on other grounds by *Wiles v. Medina Auto Parts,* 96 Ohio St.3d 240, 2002-Ohio-3994, 773 N.E.2d 526), citing *Dresher* at 295.

### B. Assumption of Facts and Legal Posture of Case

{¶11} Greene failed to file an appellee's brief despite our grant of an extension of time to do so. As a sanction, we denied her oral argument but again invited her to file an untimely brief along with a motion demonstrating good cause for that failure. She subsequently informed this court through counsel that she no longer intended to file an appellee's brief.

{¶12} If an appellee fails to file an appellate brief, App.R. 18(C) authorizes us to accept an appellant's statement of facts and issues as correct and then reverse a trial court's judgment as long as the appellant's brief reasonably appears to sustain such action. See *Sprouse v. Miller,* Lawrence App. No. 06CA37, 2007-Ohio-4397, fn. 1. In other words, an appellate court may reverse a judgment based solely on a

consideration of an appellant's brief. See id., citing *Helmeci v. Ohio Bur. of Motor Vehicles* (1991), 75 Ohio App.3d 172, 174, 598 N.E.2d 1294; *Ford Motor Credit Co. v. Potts* (1986), 28 Ohio App.3d 93, 96, 502 N.E.2d 255; *State v. Grimes* (1984), 17 Ohio App.3d 71, 71-72, 477 N.E.2d 1219.

{¶13} The pleadings in this case and the summary-judgment record lack breadth and content. The township's statement of the case implies that Greene's claim sounded in tort, thus implicating political-subdivision tort immunity. The township also notes that Greene's memorandum contra to summary judgment "did not contest the law and argument concerning the statutory immunities" claimed by the township. Under App.R. 18(C), the pleadings and the record in this case arguably support reversal under the assumption that Greene's vague improper-burial cause of action is in the nature of a tort claim.

## C. Seal Township is Immune from Greene's Tort Claim

{¶14} The Political Subdivision and Tort Liability Act, codified in R.C. Chapter 2744, entitles political subdivisions to immunity from civil claims under R.C. 2744.02(A)(1). To determine whether Greene can assert a tort claim against the township, we apply a three-tiered analysis under R.C. Chapter 2744. *Lambert v. Clancy*, 125 Ohio St.3d 231, 2010-Ohio-1483, 927 N.E.2d 585, at ¶ 8. First, we must determine whether the general grant of immunity stated in R.C. 2744.01(A)(1) applies. Id. It provides, "[A] political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." R.C. 2744.02(A)(1). Second, we consider

whether any of the five exceptions to this general grant of immunity—listed in R.C. 2744.02(B)—apply. *Lambert* at ¶ 9. If any of these exceptions apply, we must next consider whether any of the defenses to liability contained in R.C. 2744.03 permit the township to reinstate immunity. Id.

**{¶15}** Under the first tier of the analysis, it is clear that the township is a "political subdivision" as defined in R.C. 2744.01(F). Likewise, Greene did not dispute that Mound Cemetery is a township cemetery as the township alluded to in its motion for summary judgment. Therefore, we accept this fact as well. It is also clear that under R.C. 2744.01(C)(2)(s), the township's operation of a township cemetery is a governmental function for purposes of R.C. 2744.01(A)(1). Consequently, any actions or omissions of the township or its employees with regard to the operation of Mound Cemetery fall within the general grant of immunity against tort claims provided in R.C. 2744.02(A)(1).

**{¶16}** In the second tier of the analysis, we must determine whether any of the five exceptions to immunity in R.C. 2744.01(B) apply; we conclude that none do. The only exception that might appear to apply is contained in R.C. 2744.02(B)(3), which provides that "political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions." However, as we stated, the operation of a township cemetery is not a proprietary function. Rather, it is a governmental function. Cf. R.C. 2744.01(G)(2)(b) (defining the operation of a "public," as opposed to "township," cemetery as a "proprietary function," which would ostensibly place it within the R.C. 2744.02(B)(3) exception).

**{¶17}** There are no genuine issues of material fact. No exception provided in R.C. 2744.02(B) applies, and the township is entitled to immunity from Greene's tort claim under R.C. Chapter 2744 as a matter of law. Consequently, the trial court erred by overruling the township's motion for summary judgment. Accordingly, we reverse the trial court's judgment and remand with instructions to enter judgment in favor of the township.

Judgment reversed

and cause remanded.

ABELE and MCFARLAND, JJ., concur.