[Cite as *McCue v. Peninsula*, 2011-Ohio-4394.]

STATE OF OHIO      )                    IN THE COURT OF APPEALS
                            )ss:             NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

KEVIN MCCUE                         C.A. No.      25599

      Appellee

      v.                              APPEAL FROM JUDGMENT
                                 ENTERED IN THE
VILLAGE OF PENINSULA, et al.      COURT OF COMMON PLEAS
                                 COUNTY OF SUMMIT, OHIO
      Appellants                CASE No.     CV2010-03-2011

DECISION AND JOURNAL ENTRY

Dated: August 31, 2011

DICKINSON, Judge.

## INTRODUCTION

**{¶1}** Richard Fisher, the mayor of the Village of Peninsula, allegedly engaged in a campaign of defamation and malicious prosecution in an effort to have Kevin McCue removed as police chief. After the village council terminated Mr. McCue, he sued the Village, Mr. Fisher, and Councilman Daniel Schneider. He sued Mr. Fisher and Mr. Schneider both individually and in their official capacities. The defendants moved to dismiss Mr. McCue's complaint, arguing that it was defective and that they have immunity under Chapter 2744 of the Ohio Revised Code. The trial court granted the motion in part, concluding that the Village has political subdivision immunity under Section 2744.02. It denied the motion regarding Mr. Fisher and Mr. Schneider, concluding that the complaint was not defective and that they are not immune in either their official or individual capacities. Mr. Fisher and Mr. Schneider have appealed, arguing that, to the extent they were sued in their official capacities, the trial court incorrectly concluded that

they are not immune. We vacate the trial court's decision in part because it applied the wrong statute when it analyzed whether Mr. Fisher and Mr. Schneider have immunity as elected officials.

## IMMUNITY OF ELECTED OFFICIALS

{¶2} Mr. Fisher and Mr. Schneider's assignment of error is that the trial court incorrectly determined that they are not entitled to immunity to the extent they were sued in their official capacities. They have argued that the trial court incorrectly analyzed whether they are immune under Section 2744.03(A)(6) of the Ohio Revised Code. According to them, under *Lambert v. Clancy*, 125 Ohio St. 3d 231, 2010-Ohio-1483, the court was required to determine, instead, whether they are immune under Section 2744.02.

{¶3} In *Lambert*, someone had stolen Cynthia Lambert's identity using information obtained from the Hamilton County Clerk of Courts' website. Ms. Lambert sued the clerk of courts in his official capacity, arguing that he should not have put her personal information online. The Ohio Supreme Court explained that whether a political subdivision has immunity involves a three-tiered analysis under Section 2744.02 of the Ohio Revised Code. *Lambert v. Clancy*, 125 Ohio St. 3d 231, 2010-Ohio-1483, at ¶8. It also explained that whether an individual employee of a political subdivision has immunity is analyzed under Section 2744.03(A)(6). *Id*. at ¶10. Although noting that the definition of "[e]mployee" under Section 2744.01(B) includes "any elected . . . official," it held that, "[if] allegations are made against the elected holder of an office of a political subdivision who is sued in an official capacity, the officeholder is . . . entitled to the grant of immunity contained in R.C. 2744.02." *Id*. at ¶21. According to the Supreme Court, if allegations are directed against the holder of an office in his official capacity, it "is the equivalent of suing the political subdivision" itself. *Id*.

{¶4} Mr. McCue has argued that *Lambert* is distinguishable because he sued Mr. Fisher and Mr. Schneider in both their official and individual capacities. We do not see any reason why his claims against Mr. Fisher and Mr. Schneider in their official capacities cannot be separated from his claims against them in their individual capacities. Mr. McCue has also argued that his lawsuit is not directed at the general policies and practices of an office, as in *Lambert*, but at Mr. Fisher's and Mr. Schneider's "misuse of their office[s] to further personal and political malice." The Ohio Supreme Court's conclusion, however, is logical. It would not make sense for the legislature to grant a political subdivision immunity under Section 2744.02 but allow injured parties to recover from it just by naming one of its public officials in his official capacity. Mr. McCue has further argued that this Court should follow *Curry v. Blanchester*, 12th Dist. Nos. CA2009-08-010, CA2009-08-012, 2010-Ohio-3368, but the only claims at issue in that appeal were those that had been raised against a public official in his individual capacity. *Id.* at ¶22. This appeal is limited to the consideration of Mr. McCue's official capacity claims.

{¶5} Although citing *Lambert*, the trial court analyzed whether Mr. Fisher and Mr. Schneider are immune, to the extent they have been sued in their official capacities, by applying Section 2744.03(A)(6) of the Ohio Revised Code instead of Section 2744.02. Under *Lambert*, however, "[t]he political-subdivision-immunity analysis set forth in R.C. 2774.02 applies to lawsuits in which the named defendant holds an elected office within a political subdivision and that officeholder is sued in his or her official capacity." *Lambert v. Clancy*, 125 Ohio St. 3d 231, 2010-Ohio-1483, at paragraph two of the syllabus. We, therefore, vacate the trial court's decision in part, and remand so that it can apply Section 2744.02 to Mr. McCue's official capacity claims in the first instance. Mr. Fisher and Mr. Schneider's assignment of error is sustained.

CONCLUSION

**{¶6}** The trial court incorrectly applied Section 2744.03(A)(6) when it analyzed whether Mr. Fisher and Mr. Schneider are immune from Mr. McCue's official capacity claims. The judgment of the Summit County Common Pleas Court is vacated in part, and this matter is remanded for proceedings consistent with this opinion.

Judgment vacated in part,
and cause remanded.

——————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CLAIR E. DICKINSON
FOR THE COURT

CARR, P. J.
WHITMORE, J.
CONCUR

APPEARANCES:

JOHN T. MCLANDRICH and FRANK H. SCIALDONE, Attorneys at Law, for Appellants.

JOHN F. HILL, Attorney at Law, for Appellee.

JOSEPH F. GORMAN, Attorney at Law, for Appellee.