[Cite as *Emerick v. Ellet High School*, 2012-Ohio-789.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| KIMBERLY A. EMERICK, et al., | C.A. No.     25870 |
| Appellants | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ELLET HIGH SCHOOL, et, al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellees | CASE No.     CV 2010-09-6169 |

DECISION AND JOURNAL ENTRY

Dated: February 29, 2012

DICKINSON, Judge.

INTRODUCTION

{¶1}    Kimberly Emerick was seriously injured when a student at Ellet High School tackled her.  Mrs. Emerick and her husband sued the school, its employees, the Akron City School District, and the Akron Board of Education, alleging negligence and loss of consortium. The high school, school district, and Board moved for judgment on the pleadings, arguing that they had political subdivision immunity under Chapter 2744 of the Ohio Revised Code.  The trial court entered judgment for the high school and school district because it determined that they were not separate entities capable of being sued.  It entered judgment for the Board because it determined that it had immunity under Chapter 2744.  The Emericks have appealed, arguing that the trial court incorrectly determined that the Board is immune.  We affirm because the Emericks failed to plead facts under which the Board is not entitled to immunity under Section 2744.02(A)(1).

POLITICAL SUBDIVISION IMMUNITY

{¶2} The Emericks' assignment of error is that the trial court incorrectly determined that they cannot plead a set of facts that would fall within an exception to Ohio's political subdivision tort liability act. They have argued that the Board is not immune under Chapter 2744 because Mrs. Emerick was injured on the grounds of Ellet High School "as a result of the negligence of the [Board] due to the dangerous condition of the premises established by an unsupervised student with known violent behavioral problems . . . ."

{¶3} When a defendant files a motion under Rule 12(C) of the Ohio Rules of Civil Procedure, "dismissal is appropriate [if] a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *State ex rel. Midwest Pride IV Inc. v. Pontious*, 75 Ohio St. 3d 565, 570 (1996). We review the trial court's decision de novo. *Pinkerton v. Thompson*, 174 Ohio App. 3d 229, 2007-Ohio-6546, at ¶ 18 (9th Dist.).

{¶4} "Determining whether a political subdivision is immune from liability . . . involves a three-tiered analysis." *Lambert v. Clancy*, 125 Ohio St. 3d 231, 2010-Ohio-1483, at ¶ 8. "The starting point is the general rule that political subdivisions are immune from tort liability[.]" *Shalkhauser v. Medina*, 148 Ohio App. 3d 41, 2002-Ohio-222, at ¶ 14. Under Section 2744.02(A)(1), "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision . . . in connection with a governmental or proprietary function." "At the second tier, this comprehensive immunity can be abrogated pursuant to any of the five exceptions set forth at R.C. 2744.02(B)." *Shalkhauser*, 2002-Ohio-222, at ¶ 16. "Finally,

immunity lost to one of the R.C. 2744.02(B) exceptions may be reinstated if the political subdivision can establish one of the statutory defenses to liability." *Id.*; *see* R.C. 2744.03(A).

{¶5} The Emericks have acknowledged that, because Mrs. Emerick's injuries occurred at Ellet High School, they were caused by an act or omission of the Board in connection with a governmental function. *See* R.C. 2744.01(C)(2)(c); R.C. 2744.02(A)(1). They have argued that the Board's immunity under Section 2744.02(A)(1) was abrogated, however, under Section 2744.02(B)(4). Under Section 2744.02(B)(4), "political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function[.]" The trial court determined that Section 2744.02(B)(4) did not apply to this case because the Emericks' complaint did not allege "a physical defect within or on the ground[s] of the school building[.]"

{¶6} In their complaint, the Emericks alleged that the Board was "negligent in one or more of the following respects: a. In creating and/or permitting the creation of and/or permitting the continued existence of a dangerous condition by [failing to properly supervise] its students. b. In failing to properly and adequately warn [Mrs. Emerick] about the danger posed by the student who violently tackled her as well as the students behavioral disorder. c. In failing to act reasonably once [it] knew or should have known about the risk of harm posed by said student which then created a dangerous condition. d. In failing to properly screen, interview, hire, train, monitor and/or maintain their employees and/or agents. e. In failing to properly screen, interview, hire, train, monitor and/or supervise their students who have known behavioral problems or who pose a risk of harm to others due to said behavioral problems." Viewing the complaint in a light most favorable to the Emericks, we conclude that none of its statements

allege that Mrs. Emerick's injuries were "due to physical defects within or on the grounds of" the high school, as required for their claims to fall within the exception to immunity under Section 2744.02(B)(4). *See Moss v. Lorain County Bd. of Mental Retardation*, 185 Ohio App. 3d 395, 2009-Ohio-6931, at ¶ 15-16 (9th Dist.) (concluding that complaint that alleged that classroom kitchen was negligently designed because it allowed special-needs students to have access to hot pots of coffee satisfied physical defect requirement under Section 2744.02(B)(4)). Their allegations relate exclusively to alleged inadequacies of the Board's employees and agents, rather than physical defects in the school itself.

{¶7} According to the Emericks, we should reverse the trial court's decision because the Ohio Supreme Court has held that Section 2744.02(B)(4) "is applicable when alleged negligent conduct occurs within or on the grounds of a school building." See *Hubbard v. Canton City Sch. Bd. of Educ.*, 97 Ohio St. 3d 451, 2002-Ohio-6718, at ¶ 13. In *Hubbard*, however, the Supreme Court applied a prior version of Section 2744.02(B)(4). In 2003, the General Assembly amended the section to require that the alleged injury have occurred "due to physical defects within or on the grounds of" a building. None of the cases that the Emericks have cited in support of their argument were decided after the General Assembly added the "physical defect" language. They all, therefore, are distinguishable.

{¶8} The trial court correctly concluded that the Emericks' complaint failed to plead facts under which they could establish that their claims fall within an exception to political subdivision immunity under Section 2744.02(B). Because the Emericks failed to meet their burden under the second tier of the immunity analysis, we do not have to address the final tier. *Bonace v. Springfield Twp.*, 179 Ohio App. 3d 736, 2008-Ohio-6364, at ¶46 (7th Dist.). The Emericks' assignment of error is overruled.

CONCLUSION

{¶9}   The trial court correctly granted the Board's motion for judgment on the pleadings.  The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

CLAIR E. DICKINSON
FOR THE COURT

MOORE, P.J.
BELFANCE, J.
CONCUR

APPEARANCES:

MICHAEL T. CALLAHAN, Attorney at Law, for Appellants.

RHONDA PORTER, Attorney at Law, for Appellees.