[Cite as *Mingle v. Cleveland*, 2012-Ohio-4388.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

CHRISTOPHER MINGLE, et al.

     Appellees

     v.

CITY OF CLEVELAND

     Appellant

C.A. No.     26276

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV-2011-01-0308

DECISION AND JOURNAL ENTRY

Dated: September 26, 2012

DICKINSON, Judge.

INTRODUCTION

**{¶1}** The City of Cleveland's Division of Water repaired a pipe that was leaking under a parking lot in Reminderville, Ohio. When the workers finished repairing the pipe, they backfilled the hole that they had dug, tamped the fill down, and drove a dump truck over it to make sure it was safe. When Christopher Mingle later backed his truck over the site, however, the fill collapsed and one of his truck's tires sank into the hole. The jolt of the truck sinking into the hole allegedly caused him personal injury. He sued the City for negligence. The City moved for summary judgment, arguing that it was immune under Section 2744.02 of the Ohio Revised Code. The trial court denied its motion, concluding that there was a genuine issue of material fact regarding whether an exception to immunity applied. The City has appealed, arguing that the court incorrectly denied its motion for summary judgment. We affirm because there is a genuine issue of material fact regarding whether the City properly backfilled the hole.

## POLITICAL SUBDIVISION IMMUNITY

{¶2} "Determining whether a political subdivision is immune from liability . . . involves a three-tiered analysis." *Lambert v. Clancy*, 125 Ohio St. 3d 231, 2010–Ohio–1483, ¶ 8. "The starting point is the general rule that political subdivisions are immune from tort liability[.]" *Shalkhauser v. Medina*, 148 Ohio App. 3d 41, 2002–Ohio–222, ¶ 14. Under Section 2744.02(A)(1), "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision . . . in connection with a governmental or proprietary function." "At the second tier, this comprehensive immunity can be abrogated pursuant to any of the five exceptions set forth at R.C. 2744.02(B)." *Shalkhauser*, 2002–Ohio–222, at ¶ 16. "Finally, immunity lost to one of the R.C. 2744.02(B) exceptions may be reinstated if the political subdivision can establish one of the statutory defenses to liability." *Id.*; *see* R.C. 2744.03(A).

## PUBLIC ROAD

{¶3} The City's first assignment of error is that the trial court incorrectly denied its motion for summary judgment because the parking lot where the incident occurred is not a public road. Under Section 2744.02(B)(3) of the Ohio Revised Code, "political subdivisions are liable for injury, death, or loss to person or property caused by their negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads . . . ."

{¶4} In its decision, the trial court concluded that there was a genuine issue of material fact regarding whether the City's workers negligently performed a proprietary function under Section 2744.02(B)(2) of the Ohio Revised Code. The court did not rely on Section 2744.02(B)(3) when it determined that the City was not entitled to summary judgment. Accordingly, the City's first assignment of error is overruled.

## NEGLIGENCE

{¶5} The City's second assignment of error is that the trial court incorrectly denied its motion for summary judgment because the record is devoid of evidence that its work was improper or created a defective condition. It has argued that Mr. Mingle failed to establish that it owed him a duty, that it breached that duty, or that any alleged breach was the proximate cause of his injuries.

{¶6} Under Section 2744.02(B)(2) of the Ohio Revised Code, "political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions." The City has not disputed that it was engaged in a proprietary function when it repaired the water pipe and backfilled the hole it had created. *See* R.C. 2744.01(G)(2)(c) (providing that the definition of proprietary function includes "[t]he establishment, maintenance, and operation of . . . a municipal corporation water supply system.").

{¶7} Mr. Mingle submitted the deposition of Mark Shepard, a Cleveland water division unit leader, who described the process his crew uses to backfill holes before leaving a job site. According to Mr. Shepard, "[t]he trucks come; limestone, gravel, limestone-gravel mix, drop part of the fill in slowly going in, tap it, raise it – drop it two feet in, tap it again, drop some more in, tap it again until the hole gets to grade and then sometimes if it's raining we leave it a little bit higher." He also said that, after the hole is filled, someone drives one of the City's large construction vehicles over the area to make sure it is safe for traffic.

{¶8} According to Jevon Woods, the unit leader for the crew that completed the repair at issue in this case, after his crew finished repairing the pipe, "[I] had two tandem loads drop backfill into the hole and leveled it off. . . . Backfill is made up of limestone and gravel mix. . . .

After we leveled it off, we tamped it down with a heavy-duty tamper to make sure that it was compact. . . . I next had the dump truck drive over the repaired hole to make sure it [was] safe and compact."

{¶9}  Mr. Shepard described a process in which a hole is backfilled in increments: applying fill, tapping it down, filling some more, tapping the additional fill down, and so on until the hole is filled.  Construing Mr. Woods's statements in a light most favorable to Mr. Mingle, it appears that his crew dumped all of the limestone and gravel in at once, not progressing in stages like Mr. Shepard described.  We, therefore, conclude that the trial court correctly concluded that there is a genuine issue of material fact regarding whether the City improperly backfilled the hole that allegedly caused Mr. Mingle's injuries.  The City's second assignment of error is overruled.

## CONCLUSION

{¶10}  The trial court correctly concluded that there is a genuine issue of material fact regarding whether the City negligently backfilled the hole that allegedly caused Mr. Mingle's injuries.  The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

 

CLAIR E. DICKINSON
FOR THE COURT

WHITMORE, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

BARBARA A. LANGHENRY, Interim Director of Law, and JEROME A. "JAY" PAYNE, JR., Assistant Director of Law, for Appellant.

STEVEN A. MAURER and STEVEN S. FANNIN, Attorneys at Law, for Appellees.