[Cite as *McCormack v. Jefferson Area Local School Dist.*, 2018-Ohio-3744.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**


| | | |
|---|---|---|
| DONALD MCCORMACK, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2018-A-0005** |
| JEFFERSON AREA LOCAL SCHOOL DISTRICT, | : | |
| | : | |
| Defendant-Appellee. | : | |
| | : | |


Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2016 CV 0121.

Judgment: Affirmed.


*Donald P. Wiley,* Baker, Dublikar, Beck, Wiley & Mathews, 400 South Main Street, North Canton, OH 44720 (For Plaintiff-Appellant).

*Mark Landes* and *Robert C. Perryman,* Isaac, Wiles, Burkholder & Teetor, LLC, Two Miranova Place, Suite 700, Columbus, OH 43215 (For Defendant-Appellee).


CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Donald McCormack, appeals the judgment of the Ashtabula County Court of Common Pleas, declaring that his former employer, appellee, Jefferson Area Local School District ("the District"), has no duty to provide him with a legal defense in a civil action filed against him by two former students of the District. The

students alleged that appellant, who was their high school basketball coach, sexually abused them. For the reasons that follow, we affirm.

{¶2} At all relevant times, appellant was employed as a girls' basketball coach at Jefferson High School, which is one of the schools in the District. In 2014, he was indicted for multiple counts of sexual battery, endangering children, and gross sexual imposition committed against Jaimie Wilson and Elizabeth Ziemski while they were minors, students at Jefferson High School, and members of the girls' basketball team.

{¶3} While appellant's criminal case was pending, on June 12, 2015, Ms. Wilson and Ms. Ziemski filed a civil complaint against him ("the underlying complaint") for damages resulting from his sexual abuse. That suit remains pending.

{¶4} Eight months later, on February 16, 2016, appellant filed a complaint against the District, seeking a declaration that the District was obligated to pay the costs of his legal defense in the civil action filed by the victims. The District filed an answer, denying it had a duty to provide him with a defense at public expense.

{¶5} The matter was set for a bench trial. On August 16, 2017, the parties filed a "Joint Stipulation Regarding Testimony at Trial." The parties stipulated that appellant's declaratory-judgment action arose from the victims' civil complaint, and the parties attached a copy of that complaint to the stipulation. They stipulated that, if called to testify, Ms. Wilson and Ms. Ziemski would testify that appellant committed the acts alleged in their complaint and that, at all relevant times, he was not acting in good faith. They further stipulated that, if called to testify, appellant would testify that he did not commit the acts alleged in the complaint and that his interactions with the plaintiffs were in good faith and in the scope of his employment, as alleged in his declaratory-

2

judgment complaint (and in his underlying answer). The parties further stipulated that "*these are all the facts necessary to render a judgment* on the declaratory judgment complaint, and that *it will not be necessary for the court to entertain witnesses at the trial on August 23, 2017.*" (Emphasis added.)

{¶6} On August 23, 2017, the trial court entered a judgment stating:

{¶7} Counsel advised the Court of their agreement that *the stipulation contains all of the evidence necessary to the Court's decision* in this case and that, in lieu of trial, they are prepared to submit written briefs on their respective arguments. *They further agree that the Court can decide the case on the joint stipulation* and the written briefs, without need for further hearing.

{¶8} ORDER: 1. The agreement of counsel for the parties to waive a trial and submit this case for decision by the Court *on the basis of the joint stipulation regarding testimony* and the briefs is accepted by the Court. (Emphasis added.)

{¶9} After considering the joint stipulation, the pleadings in the underlying action, and the trial briefs, the trial court found that the District did not have a duty to provide a legal defense for appellant under R.C. 2744.07(A)(1). Appellant appeals, asserting two assignments of error. Because they are related, they are considered together. They allege:

{¶10} "[1.] The trial court committed prejudicial error when it held that R.C. 2744.07(A)(1) did not require the political subdivision/appellee to defend the political subdivision employee/appellant, when the appellant alleged that he was at all times acting in good faith and not manifestly outside the course of his employment in an underlying civil suit against him for alleged torts.

3

{¶11} "[2.] The trial court committed prejudicial error when it refused to reimburse the appellant for attorney's fees expended in defending the underlying action to date and all attorney's fees to be incurred hereafter."

{¶12} The current version of R.C. 2744.07(A)(1), which was amended in 2003, provides in pertinent part:

{¶13} [A] political subdivision shall provide for the defense of an employee, in any state or federal court, in any civil action * * * which contains an allegation for damages for injury * * * caused by an act or omission of the employee in connection with a governmental or proprietary function. *The political subdivision has the duty to defend the employee if the act or omission occurred* while the employee was acting both in good faith and not manifestly outside the scope of employment or official responsibilities. (Emphasis added.)

{¶14} Further, R.C. 2744.07(C), also amended in 2003, provides, in part:

{¶15} * * * In determining whether a political subdivision has a duty to defend the employee in the action, the court shall determine whether the employee was acting both in good faith and not manifestly outside the scope of employment or official responsibilities. *The pleadings shall not be determinative of whether the employee acted in good faith or was manifestly outside the scope of employment or official responsibilities.*

{¶16} If the court determines that the employee was acting both in good faith and not manifestly outside the scope of employment or official responsibilities, the court shall order the political subdivision to defend the employee in the action. (Emphasis added.)

{¶17} The version of R.C. 2744.07(A)(1) in effect prior to 2003 required a political subdivision to provide a defense for an employee "if the act * * * [1] *occurred or* [2] [*was*] *alleged to have occurred* while the employee was acting in good faith and not manifestly outside the scope of his employment." (Emphasis added.) This alternative language gave rise to a two-prong test, according to which a subdivision was required to provide a defense when the employee's act was either (1) found by the court to have

4

*actually occurred*, or was (2) *alleged in the pleadings to have occurred* ("the allegation prong"), while the employee was acting in good faith and in the scope of his employment. *Rogers v. Youngstown*, 61 Ohio St.3d 205, 208 (1991); *Whaley v. Franklin Cty. Bd. of Commrs.*, 92 Ohio St.3d 574, 576 (2001).

{¶18} Since the two-prong test was based on the alternative language in former R.C. 2744.07(A)(1) and that alternative language has been replaced by language that removed the allegation prong and imposes the duty to provide a defense *only when the employee's act occurred* while he was acting in good faith and in the scope of his employment, the allegation prong has been effectively superseded by statute. This conclusion is buttressed by R.C. 2744.07(C), as amended, which provides that "[t]he pleadings shall not be determinative of whether the employee acted in good faith or was manifestly outside the scope of employment."

{¶19} Thus, following the amendment to R.C. 2744.07(A)(1), in order for a political subdivision to be required to provide a defense for its employee, the trial court must determine that the employee's act occurred while he was acting both in good faith and not manifestly outside the scope of his employment. *Lambert v. Clancy*, 125 Ohio St.3d 231, 2010-Ohio-1483, ¶11. The pleadings themselves no longer provide an alternative basis on which to require a subdivision to provide its employee with a defense.

{¶20} Curiously, while the parties agree the amended version of R.C. 2744.07 applies here, their arguments suggest they are unaware that the amendment to R.C. 2744.07 deleted the allegation prong. Thus, appellant argues that because his answer denied any wrongdoing and alleged that at all times he was acting in the scope of his

employment and in good faith, he was entitled to a defense as a matter of law. However, this argument fails because R.C. 2477.07(C), as amended, "specifically disclaims the determinativeness of the pleadings." *Cantwell v. Franklin Cty. Bd. of Commrs.,* 10th Dist. Franklin No. 11AP-849, 2012-Ohio-2273, ¶9; *accord Spitulski v. O'Mara*, 6th Dist. Lucas No. L-09-1157, 2010-Ohio-186, ¶19.

{¶21} In any event, as noted, the parties entered a "Joint Stipulation Regarding Testimony at Trial" in which they agreed that Ms. Wilson and Ms. Ziemski, if called to testify, would testify that appellant committed the acts alleged in the complaint and that appellant, if called to testify, would testify he did not commit those acts. They further agreed that their stipulation contained "all the facts necessary to render a judgment on the declaratory judgment complaint, and that it will not be necessary for the court to entertain witnesses at the trial."

{¶22} While the parties stipulated that the allegations in their underlying pleadings were to serve as a substitute for the witnesses' testimony, the pleadings are conflicting and the parties did not agree on any specific facts. Thus, by submitting their stipulation to the trial court as a substitute for the witnesses' testimony, the parties essentially asked the trial court, as the trier of fact, to resolve any conflicts in the "testimony." This necessarily required the court to determine the credibility of the witnesses' pleadings. Although not unheard of, *see State v. Hendrex*, 11th Dist. Trumbull No. 2010-T-0103, 2011-Ohio-1588, ¶38 (in reviewing petition for post-conviction relief, trial court may judge credibility of affidavits), it is unusual for the trial court to make credibility judgments based solely on the printed page. However, by submitting their stipulation in lieu of the witnesses' testimony, this is exactly what the

6

parties asked the court to do. Thus, appellant waived or invited any error in this procedure.

{¶23} As such, this appeal presents a mixed question of law and fact. Appellate review of a mixed question of law and fact requires an appellate court to give deference to a trial court's factual findings if those findings are supported by competent, credible evidence. If we accept the facts found by the trial court to be true, we then independently review whether the trial court properly applied the law to the facts. *O'Brien v. The Ohio State Univ.*, 10th Dist. Franklin No. 06AP-946, 2007-Ohio-4833, ¶10-12.

{¶24} Whether an employee acted in the scope of his employment and whether he acted in good faith are questions of fact. *Auer v. Paliath*, 140 Ohio St.3d 276, 2014-Ohio-3632, ¶20; *Cantwell, supra,* at ¶8 (scope of employment); *Mike McGary & Sons, Inc. v. Construction Resources One, LLC*, 6th Dist. Sandusky No. S-17-005, 2018-Ohio-528, ¶68 (good faith). Conversely, whether the trial court properly applied R.C. 2744.07(A)(1) to the facts in this case in determining that appellant was not entitled to a defense is a question of law.

{¶25} "When reviewing the weight of the evidence, the reviewing court 'weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.'" *Xtreme Elements, LLC v. Foti Contracting, LLC*, 11th Dist. Lake No. 2016-L-043, 2017-Ohio-254, ¶25, quoting *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶20. "'In weighing the evidence, the court of appeals must

7

always be mindful of the presumption in favor of the finder of fact.'" *Xtreme, supra*, quoting *Eastley, supra*, at ¶21.

**{¶26}** In setting forth its findings of fact, the court did not characterize them as such. Instead, the court considered the joint stipulation of facts, which was based on the underlying pleadings, and recited the salient allegations in support of its conclusion. Since the parties stipulated that the court was to consider the allegations of the pleadings in lieu of the witnesses' testimony, the allegations recited by the court served as the court's findings of fact.

**{¶27}** Based on the parties' stipulation, the trial court essentially found that appellant was employed by the District as a girls' basketball coach and also by a local newspaper as a sports editor and that he used both positions to facilitate his sexual abuse of the plaintiffs and to "sexually prey upon" them while they were students on the basketball team. Appellant engaged in "repeated sexual assaults" and "a months-long course of outrageous, perverted, tortious, and criminal conduct." He engaged in "emotional bullying, physical and emotional isolation, manipulation, and nonconsensual sexual touching." The court found that appellant's conduct could not reasonably be considered conduct that was committed in good faith and in the scope of his employment. The court concluded that, "considering the joint stipulations of fact and the underlying pleadings, the School District does not have a duty to provide a legal defense to McCormack under R.C. 2744.07(A)(1)."

**{¶28}** With respect to appellant's argument that at all times he was acting in good faith, one does not act in good faith when his conduct evinces a dishonest purpose, conscious wrongdoing, or the breach of a known duty through some ulterior

8

motive. *See Moore v. Cleveland*, 8th Dist. Cuyahoga Nos. 104466, etc., 2017-Ohio-1156, ¶14 (defining "bad faith.")  The trial court found that appellant used his position of authority over the plaintiffs to manipulate and sexually abuse them.  Thus, the trial court's finding that he was not acting in good faith is supported by competent, credible evidence.

{¶29} Further, with respect to appellant's argument that he was acting in the scope of his employment, "the determination of whether conduct is within * * * the scope of employment necessarily turns on the fact finder's perception of whether the employee acted, or believed himself to have acted, at least in part, in his employer's interests." *Cantwell, supra*, at ¶16; *accord Crise v. Cleveland*, 8th Dist. Cuyahoga No. 80984, 2002-Ohio-6229, ¶29.

{¶30} In *Crise, supra,* the Eighth District held that the city was not obligated to defend a supervisor in the clerk's office because his actions were beyond the scope of his employment.  In that case, a deputy clerk filed a complaint against the supervisor, alleging he sexually harassed her by making sexual comments and engaging in unwanted physical contact at work.  She described his conduct as "outrageous and beyond the norms of civilized society." In rejecting the supervisor's argument that he was entitled to a defense, the Eighth District held that "the allegations of sexual harassment [were] 'plainly and obviously' outside the scope of Crise's employment" and that "[s]uch alleged 'outrageous' behavior [could] not possibly comprise part of his job duties, requiring the City to provide a defense." *Crise, supra*, at ¶12-13.

9

{¶31} Further, the Tenth District, in *Cantwell, supra,* held the sheriff's deputy assigned to the jail was not entitled to a defense because he was not acting in the scope of his employment when he committed the conduct at issue. The court stated:

> {¶32} [W]e can find no reasonable minds could conclude that appellant [deputy] could have believed himself to have been acting in appellee's [county's] best interest. Although appellant argues that he was on duty, in uniform, and serving meals to prisoners as part of his assigned duties, his acts here went far beyond his mere serving of meals to inmates. Appellant's act of taking a photograph of an inmate's penis on a sandwich and then serving the sandwich to another inmate did not further appellee's business in any manner and was plainly not in appellee's best interest. Also, although serving food to inmates is part of appellant's job duties, the acts in question did not occur during his actual serving of a meal. Instead, appellant engaged in activities that did not involve his duty to serve meals, i.e., the asking of an inmate to place his penis on a sandwich and the taking of a photograph of the inmate's genitals. Although appellant did eventually serve the sandwich to Copeland, the meal served was one plainly unauthorized by appellee and obviously outside of appellant's authorized duties. *Id.* at ¶16.

{¶33} In light of the foregoing authority, appellant could not have reasonably believed he was acting in the District's best interests when he sexually abused the plaintiffs in the gym and at the newspaper's offices. Although he was employed as a basketball coach when he abused the plaintiffs, his acts obviously exceeded his coaching duties. His pursuit of both girls and his sexual assaults against them did not further the District's business in any way and were obviously not in its best interests. Moreover, the sexual acts themselves were plainly outside the scope of appellant's duties. Thus, pursuant to the joint stipulation, the trial court's finding that appellant's sexual activity with the plaintiffs could not reasonably be considered to be in the scope of his employment was supported by competent, credible evidence.

10

{¶34} In finding that appellant did not act in good faith or in the scope of his employment, the trial court obviously found Ms. Wilson's and Ms. Ziemski's allegations to be more credible than appellant's. In light of the highly specific nature of the plaintiffs' allegations and the fact that appellant's only "evidence" in opposition was his general, self-serving denial, we cannot say the trial court clearly lost its way in finding the plaintiffs' allegations to be more credible. Further, in light of these findings, the trial court did not err in concluding that appellant was not entitled to a defense. Thus, the court implicitly found that appellant was not entitled to reimbursement for his expenses incurred in the underlying action or in his declaratory-judgment action.

{¶35} For the reasons stated in this opinion, the assignments of error lack merit and are overruled. It is the order and judgment of this court that the judgment of the Ashtabula County Court of Common Pleas is affirmed.

DIANE V. GRENDELL, J., concurs,

THOMAS R. WRIGHT, P.J., concurs in judgment only.

11