OPINION
ALAN E. NORRIS, Circuit Judge.
This case arises out of a tragic set of circumstances that resulted in the death of Gerald Cornett. The appellants were all employed in some capacity at the Fayette County, Kentucky, Detention Center in mid-August 2005 when Mr. Cornett was brought in after being charged with public intoxication. Some hours later, he slipped into a coma and was taken to a local hospital where he died a few days thereafter. Among other things, his estate seeks compensation from the apjjellants because *973 they failed to provide the level of basic care for Mr. Cornett mandated by the United States Constitution. The district court denied appellants’ motion for qualified immunity, a ruling that is immediately appealable. Mitchell v. Forsyth, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). Because the district court failed to engage in the required individualized assessment of the actions of each defendant, see Phillips v. Roane County, Tenn., 534 F.3d 531, 541-42 (6th Cir.2008), we reverse and remand to afford it an opportunity to do so.
As we explained in Phillips, “[t]he Eighth Amendment’s prohibition on cruel and unusual punishment generally provides the basis to assert a § 1983 claim of deliberate indifference to serious medical needs, but where that claim is asserted on behalf of a pre-trial detainee, the Due Process Clause of the Fourteenth Amendment is the proper starting point.” Id. at 539 (citing City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983)). Such claims have both an objective and subjective component. The former requires a plaintiff to show that he had a “serious medical” need that would have been obvious to a layperson. Id. at 539-40. The latter requires him to “allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk.” Id. at 540 (quoting Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir.2001)).
The events for which plaintiff in this case seeks compensation began when he was brought to the detention center and ended some hours later when he arrived at the local hospital. Each of the appellants had contact with Mr. Cornett that evening and, in plaintiffs view, were deliberately indifferent to his serious medical needs. In denying their claim of qualified immunity, the district court concluded that “there is a genuine dispute as to whether the individual defendants acted with deliberate indifference toward Cornett and thus violated his constitutional right to medical treatment for a serious medical need.” Memorandum Opinion and Order, June 17, 2008 at 7-8, 2008 WL 2510186. The problem with this analysis is that it fails to address the individual culpability of each appellant. In Phillips we made explicitly clear that a district court “faced with multiple defendants asserting qualified immunity defenses, ... should consider whether each defendant had a sufficiently culpable state of mind.” Id. at 542. In other words, it is inappropriate to assess the care (or lack thereof) rendered to Mr. Cornett by the detention center staff as a group. For liability to attach to an individual, he or she must have known of Mr. Cornett’s serious medical need and knowingly disregarded the substantial risk that it entailed. Id. at 540. On remand, it is incumbent on the district court to determine what each appellant knew about Mr. Cornett’s condition, when he or she knew it, and what, if anything, he or she did to address it. In making this analysis, of course, the district court must resolve all contested material facts in favor of plaintiff.
The judgment is vacated and the cause remanded for proceedings consistent with this opinion.