RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 11a0264p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

DIAN SABO, Personal Representative and as
Administrator of the Estate of Deceased,
Richard Sabo,
                            *Plaintiff-Appellee,*

          *v.*

CITY OF MENTOR, et al.,
                            *Defendants,*

OFFICER SCOTT TKACH, Individually, and as a
Police Officer for the City of Mentor,
                            *Defendant-Appellant.*

⎫
⎪
⎪
⎪
⎪
⎬   No. 10-4358
⎪
⎪
⎪
⎪
⎭

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 10-00345—James S. Gwin, District Judge.

Argued: July 21, 2011

Decided and Filed: September 12, 2011

Before: COLE and ROGERS, Circuit Judges; SARGUS, District Judge.[*]

_____

## COUNSEL

**ARGUED:** John T. McLandrich, MAZANEC, RASKIN & RYDER CO., L.P.A.,
Cleveland, Ohio, for Appellant. Gordon S. Friedman, FRIEDMAN & GILBERT,
Cleveland, Ohio, for Appellee. **ON BRIEF:** John T. McLandrich, Frank H. Scialdone,
MAZANEC, RASKIN & RYDER CO., L.P.A., Cleveland, Ohio, for Appellant. Gordon
S. Friedman, FRIEDMAN & GILBERT, Cleveland, Ohio, Robert F. DiCello, THE
DiCELLO FIRM, Mentor, Ohio, for Appellee.

_____

[*]The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of
Ohio, sitting by designation.

———————————

**OPINION**

———————————

COLE, Circuit Judge.  Plaintiff-Appellee Dian Sabo filed this action against Defendant City of Mentor and Defendant-Appellant Mentor Police Officer Scott Tkach for violations of state and federal rights after Tkach shot and killed her husband, Richard Sabo, outside the Sabo residence.  Tkach appeals the district court's denial of qualified immunity.  Because genuine issues of material fact preclude summary judgment in this case, we **DISMISS** Tkach's appeal of the denial of qualified immunity for lack of jurisdiction and **AFFIRM** the denial of state statutory immunity.

## I.  BACKGROUND

The following facts are not in dispute:

On February 5, 2009, Dian Sabo ("Sabo") noticed her seventy-two-year-old husband, Richard Sabo ("Mr. Sabo") acting strangely.  Believing that Mr. Sabo may be having a stroke, Sabo's granddaughter called 911.  When paramedics responded to the call and attempted to give Mr. Sabo medical attention, he refused to cooperate, demanding that the paramedics leave his home and threatening to retrieve a firearm so he could shoot them.  The paramedics retreated, asking Dian Sabo to accompany them, and radioed the Mentor Police Department for support.  Knowing Mr. Sabo was armed, the arriving police established a defensive perimeter around the home.

Officer Tkach established the northern perimeter, positioning himself on the second floor of a home immediately behind the Sabo residence.  From his position, Tkach could see the back of the house and down the driveway, but he could not see anyone in front of the house.

On the highest-ranking officer's request, Sabo called Mr. Sabo and told him to exit the house with his hands in the air, so that the officers could see he was unarmed.  Although Mr. Sabo acted confused on the first call and did not answer the second, he

exited the house a few minutes later holding a shotgun skyward at a forty-five degree angle, with the barrel in his left hand and the stock in his right. None of the officers spoke to Mr. Sabo or told him to drop the gun. While Mr. Sabo was walking down the driveway, Tkach fired a single shot, hitting Mr. Sabo's back and killing him.

As the district court noted, "[t]he events immediately surrounding the shooting are disputed":

> The Defendants allege that [Mr.] Sabo paused after taking three steps and began to lower the barrel of the gun, walked three more steps, and then completely leveled his gun in the direction of officers as though he was taking aim to fire. Knowing that officers and other safety personnel were stationed in the area where [Mr.] Sabo was aiming, the Defendants argue that Tkach fired to prevent [Mr.] Sabo from shooting a police officer.
>
> The Plaintiff describes the shooting differently. The Plaintiff alleges that [Mr.] Sabo walked down the driveway holding his gun, taking about six or seven steps. [Mr.] Sabo stopped and began to turn; as he turned, the gun barrel dropped. When the barrel dropped, Officer Tkach fired. Under the Plaintiff's telling, Richard Sabo posed no immediate threat to the officers because he never pointed the gun or acted in an otherwise threatening manner.

*Sabo v. City of Mentor*, No. 1:10-CV-00345, 2010 WL 4008823 (N.D. Ohio Oct. 12, 2010) (unpublished disposition).

Sabo filed suit in the Lake County Court of Common Pleas, alleging violations of Mr. Sabo's Fourth Amendment rights under 42 U.S.C. § 1983 and pendent state law claims, and defendants subsequently removed the case to the United States District Court for the Northern District of Ohio. Following discovery, Defendants moved for summary judgment on the grounds that (1) both defendants were entitled to statutory immunity on the state law claims; (2) Tkach was entitled to qualified immunity on the section 1983 claim; and (3) the City of Mentor was entitled to judgment as a matter of law on the section 1983 claim because Sabo had produced no evidence that a policy or procedure was the cause of any constitutional violation. The district court granted the motion as to the City of Mentor, but denied it as to Tkach, finding genuine issues of material fact

regarding whether Tkach's use of force was supported by probable cause and whether Tkach's actions were reckless. Tkach filed this timely appeal.

## II. ANALYSIS

### A. Section 1983 Claim

Our analysis of Sabo's section 1983 claim begins and ends with jurisdiction. 28 U.S.C. § 1291 authorizes us to hear appeals only from "final decisions" of the district court. Collateral orders—that is, orders that "(1) conclusively determine [a] disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) [will] be effectively unreviewable on appeal from a final judgment"—are final decisions for the purposes of § 1291. *See Johnson v. Jones*, 515 U.S. 304, 310 (1995) (internal quotation marks omitted). In *Mitchell v. Forsyth*, 472 U.S. 511 (1985), the Supreme Court held that district court orders denying summary judgment are immediately appealable collateral orders if (1) the defendant asserted the defense of qualified immunity, and (2) the issue appealed concerned whether a given set of facts showed a violation of clearly established law. *Id.* at 528. Although we may consider this "purely legal issue," *Johnson*, 515 U.S. at 313, we lack jurisdiction to consider "a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial," *id.* at 319.

> Pursuant to *Johnson*, this circuit has held that interlocutory jurisdiction is conferred only where the defendant's appeal "involves the abstract or pure legal issue of whether the facts alleged by the plaintiff constitute a violation of clearly established law." *Gregory*[ *v. City of Louisville*], 444 F.3d [725,] 742 [6th Cir. 2006] (quoting *Berryman v. Rieger*, 150 F.3d 561, 563 (6th Cir. 1998)). Accordingly, if the defendant disputes the plaintiff's version of the facts and wishes to file an interlocutory appeal of the district court's denial of qualified immunity at the summary judgment stage, "the defendant must . . . be willing to concede the most favorable view of the facts to the plaintiff for purposes of the appeal." *Berryman*, 150 F.3d at 563. The underlying principle is that, in the qualified-immunity context, this court may entertain interlocutory appeals of denials of summary judgment in order to resolve legal disputes, not factual ones. *Id.* at 564-65 ("Once a defendant's argument drifts from the purely legal into the factual realm and begins contesting

what really happened, our jurisdiction ends and the case should proceed to trial.").

*Bomar v. City of Pontiac*, 643 F.3d 458, 461 (6th Cir. 2011) (footnote omitted).

Throughout his brief and oral argument before this Court, Tkach has maintained that Mr. Sabo pointed his gun in the direction of fellow police officers and civilians. Sabo heavily disputes this fact, arguing that Mr. Sabo never pointed the gun, and the district court, apparently using "aimed" interchangeably with "pointed,"[1] assumed the plaintiff's version of the facts. Tkach has never argued that he is entitled to qualified immunity even if Mr. Sabo did not point the gun. Tkach's only argument rests on a version of the facts that differs from the version the district court assumed. Accordingly, Tkach's appeal presents no pure legal issue for review, and we lack jurisdiction to hear it. *See Johnson*, 515 U.S. at 319.

### B. State Law Claims

Tkach also appeals the district court's denial of statutory immunity on Sabo's state law claims. We have jurisdiction over an interlocutory order denying state statutory immunity when state law provides immunity from suit rather than immunity from liability. *Chesher v. Neyer*, 477 F.3d 784, 793 (6th Cir. 2007). Ohio's immunity statutes were revised in 2003 to provide immunity from suit. *Id.* at 794 (citing Ohio Rev. Code § 2744).

We "review de novo a district court's denial of summary judgment based on immunity from suit," construing the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Id.* at 796. Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

---

[1]*See Sabo*, 2010 WL 4008823, at 9-10 & n.5 (stating that "[i]f Sabo was in fact aiming his gun at the officers on the street, then Officer Tkach would likely be justified in using deadly force," *id.* at 9, but citing cases discussing whether a gun was *pointed* at someone).

Ohio provides immunity from suit to state employees of political subdivisions when those employees' activities are connected to governmental or proprietary functions, unless (1) the employee's acts were outside the scope of employment or official responsibilities; (2) the employee acted with a malicious purpose, in bad faith, or in a wanton or reckless manner; or (3) another section of the Ohio Revised Code expressly imposes liability. Ohio Rev. Code § 2744.03(A)(6). Ohio courts apply a presumption of immunity. *Cook v. City of Cincinnati*, 658 N.E.2d 814, 821 (Ohio Ct. App. 1995).

Sabo argues, and the district court held, that there is a genuine issue of material fact regarding whether Tkach acted recklessly in using deadly force, thus precluding immunity. "'Reckless' conduct refers to an act done with knowledge or reason to know of facts that would lead a reasonable person to believe that the conduct creates an unnecessary risk of physical harm and that this risk is greater than that necessary to make the conduct negligent." *Shalkhauser v. City of Medina*, 772 N.E.2d 129, 136 (Ohio Ct. App. 2002). "The question of whether a person has acted recklessly is almost always a question for the jury." *Burlingame v. Estate of Burlingame*, Nos. 2010-CA-00124 & 2010-CA-00130, 2011 WL 982490, at *9 (Ohio Ct. App. Mar. 21, 2011) (citing *Hunter v. City of Columbus*, 746 N.E.2d 246, 252 (Ohio Ct. App. 2000)).

In perhaps the only relevant case to examine recklessness in the context of a police officer's use of deadly force, the Ohio Court of Appeals implied that, if an officer has probable cause to believe that a person poses an immediate threat of serious injury, the officer's use of deadly force against that person is not reckless. *Kendzierski v. Carney*, No. 22739, 2005 WL 3482397, at *7 (Ohio Ct. App. Dec. 21, 2005) (unpublished disposition). As noted above, the district court in this case found genuine issues of material fact regarding whether Tkach had probable cause to believe that Mr. Sabo posed an immediate threat to the safety of fellow officers, and we are without jurisdiction to review that determination. Because the resolution of the recklessness issue is heavily dependent upon the same disputed material facts as the probable cause analysis, *see, e.g.*, *Carpenter v. City of Cincinnati*, No. C-1-99-227, 2003 WL

23415143, at *13 (S.D. Ohio Apr. 17, 2003) (unpublished disposition) (holding that under Ohio law, "if the trier of fact were to find that [the decedent] posed no immediate threat of harm to anyone else," then the officer's actions in shooting the decedent "were reckless at best"), the district court did not err in denying summary judgment on Sabo's state law claims.

## III. CONCLUSION

For the foregoing reasons, Tkach's appeal of the denial of summary judgment on the section 1983 claim is **DISMISSED**, and the denial of summary judgment on the state law claims is **AFFIRMED**.