**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0365n.06

Case No. 13-3845

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| ROBERT M. KRUTKO, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FRANKLIN COUNTY, OHIO, et al., | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| Defendants, | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| and | ) | OHIO |
| | ) | |
| TERESA HATZER; TERESA LAWLER; | ) | |
| KRISTOPHER KOLLER; JEFFREY | ) | |
| HARROW; JOHN PENIX; CAROL | ) | |
| TURNER, Deputies, in their official and | ) | |
| individual capacity, | ) | |
| | ) | |
| Defendants-Appellants. | ) | |

**FILED**
May 15, 2014
DEBORAH S. HUNT, Clerk

BEFORE: GILMAN, COOK, and McKEAGUE, Circuit Judges.

COOK, Circuit Judge. Six jail guards appeal the district court's denial of qualified and state-law immunity on claims by former detainee Robert Krutko relating to the conditions of his

confinement. Because the district court failed to assess the individual culpability of each defendant, we vacate the blanket denial of immunity and remand for that individual assessment.

I.

On interlocutory appeal from the denial of summary judgment, we view the evidence and draw all reasonable inferences in favor of Krutko, the nonmoving party. *Bishop v. Hackel*, 636 F.3d 757, 765 (6th Cir. 2011). We thus look to Krutko's Second Amended Complaint and verifying affidavit, the only evidence offered to support his claims.

One day during his detention, Krutko slept on the floor of the "hole," a temporary holding cell in the corrections center. As he slept, sewage from the cell's toilet rapidly spewed onto the wall and floor of the cell. Awakened by his two cellmates' screams, Krutko found himself covered in excrement from head-to-toe. The three inmates pounded on the door for help as the sewage rose to approximately two inches on certain parts of the floor.

According to Krutko, jail guards Carol Turner, Teresa Hatzer, Kristopher Koller, John Penix, Jeffrey Harrow, and Teresa Lawler (collectively, the "Deputies") came to the cell door several times and laughed, cursed, and insulted the inmates while the room filled with excrement. The Deputies released them from the cell only after the inmates pushed the sewage under the door and into the hallway.

Krutko's narrative continues in vague terms, employing the passive voice and collectively referring to "the guards." Krutko maintains that he "was then transferred" to another cell that smelled of sewage. There, he "begged the guards for a shower or soap" to no avail. But "[h]e was . . . brought a new smock to wear." After the excrement caused Krutko to retch, he "was transferred to the medical department" where he "was denied soap and showers by the

guards." After several days, he moved back to the general population where he could shower for the first time.

Krutko sued the Deputies under 42 U.S.C. § 1983, claiming deliberate indifference in violation of his constitutional rights and negligence and intentional infliction of emotional distress in violation of Ohio law.[1] The Deputies moved the district court for summary judgment, asserting that qualified immunity barred the § 1983 claim and Ohio statutory immunity blocked the state-tort claims. Denying the motion on both grounds, the district court held that the defendant's alleged actions violated Krutko's clearly established rights, *see Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), and constituted reckless conduct, *see* Ohio Rev. Code § 2744.03. The Deputies appeal.

## II.

Though ordinarily we lack jurisdiction over interlocutory appeals, we may review the denial of qualified and state-law immunity to government officials. *Mitchell v. Forsyth*, 472 U.S. 511, 528-30 (1985); *Sabo v. City of Mentor*, 657 F.3d 332, 336 (6th Cir. 2011) (applying Ohio law). This exception ensures that officers entitled to immunity are in fact immunized from suit, a benefit that they would lose if the case erroneously proceeds to trial. *Scott v. Harris*, 550 U.S. 372, 376 n.2 (2007). We review the denial of both qualified and state-law immunity de novo. *Simasko v. Cnty. of St. Clair*, 417 F.3d 559, 562 (6th Cir. 2005); *Sabo*, 657 F.3d at 336-37.

### A. Qualified Immunity

In determining the Deputies' entitlement to qualified immunity, we ask if the facts, viewed in the light most favorable to Krutko, show the violation of a clearly established

---

[1]Krutko brought these and additional claims against numerous other defendants, but the district court granted them summary judgment, and Krutko declines to appeal these claims.

constitutional right. *See Phillips v. Roane Cnty., Tenn.*, 534 F.3d 531, 538-39 (6th Cir. 2008). The burden to make such a showing falls upon Krutko. *See Rodriguez v. Passinault*, 637 F.3d 675, 689 (6th Cir. 2011).

Krutko argues that the Deputies violated his clearly established constitutional rights by being deliberately indifferent to his conditions of confinement. To succeed, he must show that each Deputy "subjectively perceived facts from which to infer substantial risk [to Krutko], . . . in fact dr[e]w the inference, and . . . then disregarded that risk." *Phillips*, 534 F.3d at 540. The district court therefore "should consider whether each individual defendant had a sufficiently culpable state of mind." *Id.* at 542.

Here, the district court failed to conduct such an individualized inquiry. *See Bishop*, 636 F.3d at 767 (holding that the district court erred by failing to evaluate the liability of each defendant individually). Instead, it denied qualified immunity to the Deputies as a group, pointing to their collective acts in "allow[ing] [Krutko] to be covered in raw sewage, delay[ing] [his] remov[al] . . . from the affected area while taunting him, and then prevent[ing] him from cleaning himself for days." In doing so, the court neglected to identify evidence showing each Deputy's deliberate indifference to Krutko's condition. *Cf. Arnold v. Lexington-Fayette Urban Cnty. Gov't*, 352 F. App'x 972, 973 (6th Cir. 2009) ("[I]t is inappropriate to assess the care (or lack thereof) rendered to [the plaintiff] by the detention center staff *as a group*.").

We thus hold that "the best course is to remand for the district court to set forth with precision the basis for its decision." *Stoudemire v. Mich. Dep't of Corr.*, 705 F.3d 560, 571 (6th Cir. 2013) (internal quotation marks omitted) (remanding where the district court failed to "mention any facts in the record that specifically pertained to" the defendant or "make any

findings regarding [the defendant's] knowledge or mental state"); *see also Arnold*, 352 F. App'x at 973 (same).

*B. State Law Immunity*

The Deputies also challenge the district court's denial of Ohio statutory immunity grounded on its view that Krutko's evidence showed immunity-precluding recklessness by the Deputies. *See* Ohio Rev. Code § 2744.03(A)(6)(b). Once again, however, the court provided only a general conclusion rather than the requisite individualized analysis. It found immunity inapplicable due to the Deputies' "delay in removing [Krutko] from a cell filling with raw sewage and the subsequent refusal to allow [Krutko] to clean himself." We thus remand for the district court to address individually each Deputy's culpability. *See Stoudemire*, 705 F.3d at 571.

III.

We VACATE the district court's denial of immunity to the Deputies and REMAND to the district court for reconsideration in light of this opinion.